OPINION. Murdock, Judge: The respondent contends that the transfer in trust which the petitioner made in 1934 was irrevocable and for less than an adequate consideration in money or money’s worth. He argues that the petitioner relinquished all control over the economic benefits of the property conveyed in trust. The petitioner contends that she retained in herself the power to revest in herself title to the property and, therefore, the transfer comes within the exclusion provided in section 501 (c) of the Eevenue Act of 1932 and is not subject to gift tax. She contends that the transfer was never intended to be irrevocable, but, on the contrary, was intended to be revocable, since she and her son both entered into the trust agreement and the annuity agreement with the full understanding and expectation that there would be an immediate default which would give the petitioner power effectively to terminate the trust and revest in herself title to the trust property at any time she might so desire. The evidence fully supports this contention. The two items having the largest value, according to the Commissioner’s determination, were, first, 2,940 shares of the common stock of Herman H. Hettler Lumber Co., valued at $204,330, and, second, several pieces of real estate, valued at $174,654.25. The lumber company had not declared a dividend since 1929 and had sustained losses since that date. The stock was not readily salable. Several of the items of real estate were occupied and used by the lumber company. The petitioner and her son did not intend that he should withdraw any of the corpus of the trust in order to make the annuity payments. The payments could not have been made from this source. The petitioner and her son did not intend that her son should use his own separate income in making payments to her. The son needed that income to support himself and his family, and he could not have used any substantial part thereof for making payments to the petitioner. His separate income amounted to about $8,000 or $16,000 a year. The intention was that the son should pay to his mother during her life the income from the trust property only. That was done. The son had no way of paying his mother $25,000 a year even with the aid of all of the trust property and income. There was an immediate default in the annuity payments, as the parties had intended. The power to revest in the donor title to the property transferred in trust was vested in the donor immediately after the transfer. Section 501 (c) provides that under such circumstances the tax shall not apply, but the relinquishment or termination of such power shall be considered to be a transfer by the donor by gift of the property subject to such power, and any payment of the income therefrom to a beneficiary other than the donor shall be considered to be a transfer by the donor of such income by gift.[1] We have come to the conclusion, after taking into consideration the evidence in this case, that the transfer was not complete for gift tax purposes in 1934. Decision will be entered for the petitioner. The petitioner, after 1934, apparently reacquired full title to the property and then made a more complete gift in 1941, on which she has paid tax and on which the Commissioner has determined a deficiency. Both parties concede that gift tax is due on that later transfer.